*The opinion of the Court was delivered by [*429
JohnsoN, J.

To charge a defendant as a partner, one of two things is necessary, either he must have permitted his name to be used as one of the firm, thereby holding it out as a security to the community, or he must have participated in the profit or loss.

The first of these is directly contradicted by the evidence of the plaintiff. The goods are charged to Stone, alone,- in the plaintiff’s books, and it follows, mast have been delivered on his credit.
If the defendant be liable, then it is in respect of his participation in the profit and loss of the house at Beaufort, and of this there is not the least proof. If the bare fact of supplying a house with goods be sufficient evidence of a copartnership, the whole commercial world would constitute but one family and one firm. However grand in theory this state of things might appear, it would be found too unwieldy for practical uses.
The evidence in this ease furnish no other fact from which the existence of a partnership can possibly be inferred. It follows, therefore, the verdict is wholly without evidence, and a new trial ought, I think, to be granted.
Nott, Bat, BjchaRDSOn and Huger, JJ., concurred.
2 Bail. 109 ; 4 Rich. 312.